[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-14172

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAQUAN CAREY,
a.k.a. Trapboy Quan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00115-TPB-NHA-1

2                    Opinion of the Court                    24-14172

———————————

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Daquan Carey appeals his prison sentence of 120 months for possessing ammunition and a firearm as a felon. 18 U.S.C. § 922(g)(1). He argues that his sentence is substantively unreasonable. We affirm.

Carey pleaded guilty to possession of ammunition and a firearm by a felon on separate dates. *Id.* A probation officer prepared a presentence investigation report describing his offenses. In 2021, officers stopped Carey, and a search of his car revealed ammunition, two guns, and drugs. In 2023, after a witness identified Carey as the shooter in a drive-by shooting, law enforcement stopped him again. When the officers told him he was under arrest, he attempted to flee and hit a detective. Another detective tased Carey. The initial detective fell to the ground with Carey and was hospitalized. As officers placed Carey in handcuffs, he reached into his waistband. The officers restrained him and found a loaded gun and drugs on him. He had been released on bond for state felon-in-possession charges at the time of the offenses.

The report recounted Carey's criminal history, including juvenile adjudications for burglary, grand theft, drug possession, resisting an officer without violence, battery, and trespass, with repeated probation violations. As an adult, he was convicted of a

computer threat offense involving guns, possession of drugs and drug paraphernalia, unlawful possession of a firearm, violation of a protective order, and resisting arrest without violence. In 2022, while Carey was released on bond for state charges related to the instant 2021 offense, he was charged with fleeing, felon in possession of a firearm, possession of drugs and drug paraphernalia, and resisting an officer without violence. He was also charged with shooting a missile into a car, attempted first degree murder, and felon in possession of a firearm and ammunition for the 2023 shooting, but those charges were dropped. The report also documented that his father was in prison and his half-brother died when Carey was a child. Carey had been diagnosed with conduct disorder and schizophrenia and had been injured in a car accident.

The report grouped Carey's convictions together and calculated a base offense level of 20 because he possessed a semi-automatic firearm capable of accepting a large-capacity magazine, United States Sentencing Guidelines Manual § 2K2.1(a)(4)(B) (Nov. 2024), applied a 2-level increase because he possessed at least three guns, *id*. § 2K2.1(b)(1)(A), applied a 2-level increase because the offense involved a stolen firearm, *id*. § 2K2.1(b)(4)(A), applied a 4-level increase because he possessed a firearm in connection with other felony offenses, *id*. § 2K2.1(b)(6)(B), and applied a 3-level decrease for acceptance of responsibility, *id*. § 3E1.1(a)-(b), for a total offense level of 25. The report calculated a criminal-history category of VI. It provided a guideline imprisonment range of 110 to 137 months and statutory maximum terms of imprisonment of 10 years for one count and 15 years for his other count of conviction.

At the sentencing hearing, the district court recalculated a guideline range of 51 to 63 months of imprisonment based on a change in his base offense level and enhancements. The government recommended 87 months of imprisonment because of Carey's history of unlawfully possessing firearms and violently fleeing law enforcement and because he committed the instant offenses while released on bond. Carey argued for a sentence below the guideline range based on his age, traumatic childhood, and mental health concerns. When Carey allocuted, he stated that the officers did more harm to the community than he did and did not tell the truth about the incident.

The district court stated that it considered the statutory sentencing factors. 18 U.S.C. § 3553(a). It found that Carey was uncooperative with law enforcement to the point that he had to be tased and an officer went to the hospital. It found that Carey "showed zero remorse" and blamed the officers. It also found that he was out on bond for a state gun offense at the time of the instant offense. It considered Carey's age, personal tragedies, and mental health issues, but found that he was a danger to the community, and the government's request was "too low." The district court sentenced Carey to concurrent terms of 120 months of imprisonment for each count, followed by 3 years of supervised release.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Steiger*, 107 F.4th 1315, 1319–20 (11th Cir. 2024). The district court imposes a substantively unreasonable sentence when it fails to consider relevant factors that were

due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). We will disturb a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence that falls outside the range of reasonableness as dictated by the facts of the case." *Id.* (citation and internal quotation marks omitted). The district court may "attach great weight to one factor over others," and this discretion is "particularly pronounced when it comes to weighing criminal history." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (citation and internal quotation marks omitted). "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020). "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one—the requirement is that the justification be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc) (citation and internal quotation marks omitted).

The district court did not abuse its discretion because it provided sufficient justification for its substantial upward variance. It found that Carey was a danger to the community. It considered that the nature and circumstances of the offense were serious because they involved resisting law enforcement with violence such

that an officer went to the hospital. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). It found that Carey "showed zero remorse" for his conduct and blamed the officers. And it considered Carey's criminal history and likelihood of recidivism when finding that he committed the instant offenses while released on bond for similar state felon-in-possession offenses. His sentence needed to afford adequate deterrence and protect the public from further gun crimes, as these offenses were part of a series of gun offenses, which continued while he was on bond for state charges related to the 2021 offense. *See id.* § 3553(a)(2)(B)-(C). The district court was allowed to weigh the seriousness of the offenses, his lack of remorse, and his criminal history more heavily than any mitigating circumstances regarding his age, traumatic childhood, and mental health issues. *See Riley*, 995 F.3d at 1279. It did not commit a clear error of judgment in imposing a substantial upward variance. *See Taylor*, 997 F.3d at 1355.

Carey contends that the district court should not have imposed a sentence above the government's request. But the district court is not bound by the parties' recommendations. It must consider the statutory sentencing factors and impose a sentence based on those factors. *See* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in . . . this subsection . . . ."). The district court considered those factors and justified its upward variance.

We **AFFIRM** Carey's convictions and sentence.